PHŒNIX CASTER Co. *v.* SPIEGEL and others.[1]

TUCKER and others *v.* OGBORN and others.

*(Circuit Court, D. Indiana. January 28, 1886.)*

1. PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIM.
    The combination covered by the patent in question accomplished no new result in mechanics, and differed from previous known combinations only in the construction of one or two of the parts, whereby, perhaps, a better but certainly not a different kind of result was accomplished than had been before effected. *Held,* that the patent must be limited to those details of construction.

2. SAME.
    When an applicant for a patent acquiesces in the decision of the patent-office, that the novelty of his device consists merely in an improved construction of details, the claim cannot, by a liberal construction, be made to include anything else.

In Chancery.

*C. P. Jacobs,* for complainants.

*C. H. Burchard* and *Parkinson & Parkinson,* for defendants.

WOODS, J. The action in each of these cases is for infringement of letters patent No. 190,152, granted May 1, 1877, to Alexander C. Martin, for "improvement in furniture casters," the plaintiffs claiming title by virtue of certain assignments of the patent. The infringement charged against Spiegel & Co. consisted in the possession and sale of an article known as the "Yale Caster," made at New Haven, Connecticut. The complaint against Ogborn and the Richmond Caster Company, in the other case, is for the manufacture, use, and sale of casters made under letters patent No. 273,278, granted March 6, 1883, to the Richmond Caster Company, as assignee of Ogborn.

Besides disputing the plaintiffs' title to the Martin patent, the defendants in each case deny infringement, and also the validity of that patent. The prior art, also, is shown by reference to numerous earlier patents, both American and English, which it is alleged anticipated the Martin combination entirely; or, at least, in so far as to impose upon it a strict construction, limiting it to the particular arrangement of parts described, and excluding any pretense of infringement by the defendants.

After a painstaking consideration of the evidence and accompanying models, the opinions of the experts, and the arguments and briefs of counsel, which upon both sides have been quite exhaustive, I am compelled to the conclusion in each case that infringement has not been shown, and consequently that the bills must be dismissed. The combination of the patent in question accomplished no new result in mechanics, and differed from previous known combinations, designed

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

for the same and like purposes, only in the construction of one or two of the parts, whereby, perhaps, a better but certainly not a different kind of result was accomplished than had been before effected. More than this cannot be justly claimed, as it seems to me. Besides, it appears that Martin's application for a patent was rejected and withdrawn two or more times; the examiner insisting, upon certain references, "that all applicant's novelty in entire device was expressed only by words 'as specified.'" In obedience to this ruling the claim, and perhaps the specifications, was modified, and the patent granted. It follows that the patent cannot now, by a liberal construction, be made to include anything so denied by the patent-office; and without this, the devices of the defendants cannot, I think, be said to infringe.

Bill in each case dismissed.